UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-cr-00158-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| RYAN DAVIDEK, | |
| Defendant. | |

This matter is before the Court on the Government's Motion to Revoke the Magistrate Judge's Order Authorizing Defendant Ryan Davidek's ("Defendant") Pretrial Release.  (ECF No. 43.)  Defendant filed an opposition.  (ECF No. 44.)  The Government filed a reply.  (ECF No. 46.)  For the reasons set forth below, the Court GRANTS the Government's motion.

///

///

///

///

///

///

///

///

1      **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2           On February 16, 2023, the Government filed a Complaint charging Defendant with Travel

3      with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b).  (ECF No. 1.)

4      On February 21, 2023, after a contested detention hearing, a magistrate judge ordered Defendant

5      detained as a danger and a flight risk.  (ECF Nos. 7, 8.)  On June 29, 2023, a grand jury returned a

6      two-count Indictment charging Transportation of a Minor with Intent to Engage in Criminal

7      Sexual Activity in violation of 18 U.S.C. § 2423(a) and Travel with Intent to Engage in Illicit

8      Sexual Conduct in violation of 18 U.S.C. § 2423(b).  (ECF No. 22.)

9           On April 11, 2024, Defendant filed a motion to revoke the magistrate judge's detention

10     order, citing the changed circumstance of a secured bond being offered and noting Defendant may

11     have difficulty in custody because of his vegan diet.  (ECF No. 33.)  The Government filed an

12     opposition, and Pretrial Services continued to recommend detention.  (ECF No. 34.)  After a

13     hearing on the matter, the magistrate judge ordered Defendant released on a $400,000 secured

14     bond with special conditions, including home incarceration, prohibition of internet use, and a

15     requirement that Defendant's father serve as a third-party custodian.  (ECF Nos. 35, 36.)  The

16     Government moved to stay the release order pending appeal to this Court.  (ECF No. 38.)  The

17     Court granted the Government's motion to stay and set a briefing schedule.  (ECF No. 39.)  The

18     matter is now fully briefed.

19     **II.      STANDARD OF LAW**

20          "If a person is ordered released by a magistrate judge . . . the Government may file, with

21     the court having original jurisdiction over the offense, a motion for revocation of the order or

22     amendment of the conditions of release."  18 U.S.C. § 3145(a).  Under this provision, the district

23     court conducts its own *de novo* review of the magistrate judge's detention order.  *United States v.*

24     *Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).  The district court "should review the evidence

25     before the magistrate and make its own independent determination whether the magistrate's

26     findings are correct, with no deference."  *Id.* at 1193.

27     ///

28     ///

2

### III. ANALYSIS

At the outset, it is undisputed that Defendant is charged with an offense involving a minor victim as enumerated in 18 U.S.C. § 3142(e)(3)(E). As such, a rebuttable presumption arises that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). While the burden of production shifts to Defendant, the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If the Court finds Defendant has proffered evidence to rebut the presumption of dangerousness and flight, the Court then considers four factors in determining whether release is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086.

The Government does not argue that Defendant failed to rebut the presumption of dangerousness and flight. Rather, the Government argues the 18 U.S.C. § 3142(g) ("§ 3142(g)") factors weigh against Defendant's release. The Court will address each factor in turn.

### A. Nature and Circumstances of the Offense Charged

The Government argues the nature and circumstances of Defendant's offenses weigh strongly in favor of detention because 18 U.S.C. § 2423(a), Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, carries a 10-year mandatory minimum sentence and is an inherently dangerous offense. (ECF No. 43 at 8.) The Government also argues the specific offense conduct in this case demonstrates Defendant is a danger and a flight risk because he sought out a sexual relationship with a 14-year-old victim, travelled to another state, took the

1   victim to a hotel, and had demeaning, violent sexual intercourse with her.  (*Id.*)  The Government

2   emphasizes Defendant repeatedly planned and executed this conduct over several years.  (*Id.*)

3         In opposition, Defendant argues this case involves only two charges based on alleged

4   conduct that took place over a limited time frame over six years ago and involved only one minor

5   victim.  (ECF No. 44 at 11.)  Defendant contends this offense is highly unlikely to recur because

6   he has not exhibited a pattern of behavior spanning multiple victims or evidenced a sustained,

7   dangerous sexual interest in minors.  (*Id.*)  Defendant also notes the sexual conduct in this case

8   would have violated California Penal Code § 261.5, statutory rape, which could be charged as a

9   felony or misdemeanor.  (*Id.*)  Defendant asserts it is not alleged that he engaged in any other sort

10  of criminal conduct towards the victim, such as physical violence, domestic abuse, harassment, or

11  stalking.  (*Id.*)

12        The Court agrees with the Government that the nature and circumstances of Defendant's

13  alleged conduct suggests he is a danger to the community.  Defendant is alleged to have

14  committed extremely serious offenses involving the sexual abuse of a minor victim.  In addition,

15  Defendant demonstrated a deeply concerning level of sophistication by engaging in this conduct

16  over the course of several years and travelling to another state to maintain ongoing contact.

17  Accordingly, the Court concludes this factor weighs against release.

18            B.    Weight of the Evidence

19        The Government argues the weight of the evidence is strong, as it now includes DNA

20  evidence that matches Defendant and the victim on a sex toy remote control.  (ECF No. 43 at 8–

21  9.)  In opposition, Defendant argues the Court should prioritize other factors because this is the

22  least important factor due to the presumption of innocence.  (ECF No. 44 at 12.)

23        Although Defendant is correct that this is the "least important of the various factors," the

24  Court is still required to consider the evidence in terms of the likelihood Defendant will pose a

25  danger.  *Hir*, 517 F.3d at 1090.  The Government indicates the evidence that Defendant sexually

26  abused a minor is strong.  Defendant does not dispute the Government's assertion in any

27  meaningful way.  Therefore, the Court concludes this factor weighs against release.

28  ///

C.       <u>History and Characteristics of Defendant</u>

The Government acknowledges Defendant's family and community ties may weigh in favor of release but argues the other § 3142(g) factors outweigh this factor. (ECF No. 43 at 9.) In the absence of argument to the contrary and based on representations from Pretrial Services and Defendant, the Court finds Defendant's history and characteristics support his release. Defendant's lack of criminal history and lack of substance abuse problems mitigate his risk of danger. (ECF No. 44 at 12.) Defendant's family ties and long-term residence in the community mitigate his risk of flight. Specifically, Defendant indicates he is close with his father and sister, both of whom live in the community. (*Id.* at 13.) In addition, Defendant's father is willing to post his home as a secured bond for Defendant, Defendant lacks significant resources of his own, and Defendant is willing to surrender his passport. (*Id.* at 13–14.) For these reasons, the Court concludes this factor weighs in favor of release.

D.       <u>Danger to the Community if Defendant is Released</u>

The Government argues Defendant's release would pose a substantial danger to the community and to the victim in this case. (ECF No. 43 at 9.) The Government asserts the victim in this case expressed significant concerns about Defendant being released prior to trial. (*Id.*) Further, the Government argues Defendant's father is not a proper third-party custodian because Defendant committed his crimes in a shared household with his father. (*Id.*) The Government also contends Defendant is tech-savvy, while Defendant's father is not. (*Id.*) Lastly, the Government argues ordering a tech-savvy individual like Defendant not to use the internet is not an effective way to address his dangerousness. (*Id.* at 11.)

In opposition, Defendant argues he is not alleged to have had any other inappropriate contact with any other minors outside of this case and there is no evidence he possesses a sexual interest in children in a manner that would render him a danger to the community if released. (ECF No. 44 at 14–15.) Defendant also emphasizes that he ceased contact with the victim three years before he was arrested and there is no evidence he engaged in any criminal activity since that time. (*Id.* at 15–16.)

///

5

1    The Court already discussed its serious concerns that Defendant poses a danger to the

2    community based on the nature and circumstances of his offenses.  The Court agrees with the

3    Government and Pretrial Services that the proposed conditions of release do not mitigate that

4    danger.  Most notably, the Court does not believe Defendant's father would be a proper third-

5    party custodian.  Not only did Defendant commit the charged offenses while living in a shared

6    household with his father, but the Court is also concerned that Defendant's father is incapable of

7    preventing Defendant from violating his conditions of release.  For example, Defendant allegedly

8    used the internet to facilitate his crimes, and the Court is concerned that Defendant could easily

9    find ways access the internet to cause further harm.  *See Hir*, 517 F.3d at 1093 ("[T]he

10   effectiveness of the proposed release conditions, or any conditions that might be imposed,

11   necessarily depends on [Defendant's] good faith compliance.").

12   Accordingly, considering the statutory presumption against release and the § 3142(g)

13   factors, the Court concludes the Government has shown by clear and convincing evidence that

14   Defendant poses a danger to the community and that no condition or combination of conditions

15   will reasonably assure the safety of the community.

16   **IV.   CONCLUSION**

17   For the foregoing reasons, the Court GRANTS the Government's motion (ECF No. 43),

18   REVOKES the magistrate judge's release order, and ORDERS Defendant to remain detained

19   pending trial.

20   IT IS SO ORDERED.

21   Date: May 9, 2024

22

23   _____
     Troy L. Nunley
     United States District Judge

24

25

26

27

28